[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Does 15 U.S.C. § 381 preclude the imposition of the corporate business tax on the plaintiffs?
No Connecticut case precedent addresses this issue, and this is an issue of first impression.
FACTS
The plaintiff, the Kelly Springfield Tire Co. (hereinafter Kelly) (and the Lee Tire Rubber Co. (hereinafter Lee)), and the defendant, Edward Bajorski, Acting Commissioner of the Connecticut Department of Revenue Services, stipulated to a stipulation of facts, dated September 21, 1992. The following facts are excerpted from the stipulation, and apply to the taxable years ending on December 31, 1987 and 1988.
Plaintiff had registered with the Secretary of State to transact business in Connecticut.
Plaintiff Kelly employed three Connecticut sales representatives. These representatives solicited orders of their employer's merchandise from Connecticut dealers; the representatives were not authorized to accept or reject orders for merchandise. The representatives forwarded orders to plaintiffs' facilities outside of Connecticut which were responsible for approving and rejecting orders, and the orders, if approved, were filled by shipment from outside of Connecticut. Payments for merchandise were remitted to plaintiffs' facilities located outside of Connecticut.
Plaintiff's credit manager was in the practice of making annual visits to each Connecticut dealer, whether delinquent in payment or not.
During 1987, plaintiff Kelly owned four signs displaying advertisement promoting its merchandise; each sign was located at a Connecticut dealer's facility. During 1988, plaintiff Kelly continued to own the four signs described above; plaintiff Kelly also owned an additional sign which it CT Page 11461 also used to display an advertisement at a Connecticut dealer.
On September 1, 1990, the defendant issued a notice of assessment to plaintiff Kelly claiming that plaintiff owed the State of Connecticut $20,521.00 pursuant to the Connecticut corporate business tax (General Statutes 12-214). Following hearings, the defendant notified plaintiff that the request for correction of the assessment was denied.
Plaintiff appeals the defendant's decision.
DISCUSSION
Plaintiff argues that pursuant to 15 U.S.C. § 381, none of its business activities within Connecticut may be held to subject it to the corporate business tax. Plaintiff also cites several out-of-state decisions which hold that registering to do business within a state does not subject a party to the state's corporate business tax. Plaintiff also argues that its acts of registering to do business within Connecticut and having its credit manager annually visit each Connecticut dealer constitute de minimis activities, which do not subject the plaintiff to the corporate business tax.
Defendant argues that plaintiff's acts of registering to do business within the state and having its credit manager annually visit each Connecticut dealer subject the plaintiff to the corporate business tax, because neither activity is related to the solicitation of orders, and the activities are not merely trivial connections with Connecticut.
In relevant part, General Statutes 12-214(a) states: "[E]very . . . company carrying on, or having the right to carry on, business in this state, . . . shall pay, annually, a tax or excise upon its franchise for the privilege of carrying on or doing business. . ."
 No state . . . shall have power to impose . . . a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are . . . the solicitation of orders by CT Page 11462 such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State. . . .
15 U.S.C. § 381 (a)(1).
No Connecticut cases have construed 15 U.S.C. § 381
(a)(1). The United States Supreme Court recently discussed the types of business activities which are protected from State taxation, pursuant to 381(a)(1), in Wisconsin Dept. of Revenue v. Wrigley Co., 505 U.S. ___,120 L.Ed.2d 174, 112 S.Ct. ___ (1992). The court determined that the statutory term "`solicitation of orders' covers more than what is strictly essential to making requests for purchases . . . [the term includes] those activities that are entirely ancillary to requests for purchases — those that serve no independent business function apart from their connection to the soliciting of orders. . . ." (Emphasis in original.) Id., 189. The court's opinion also provides several examples of activities which fall outside of solicitation: "Repair and servicing may help to increase purchases; but it is not ancillary to requesting purchases. . . ." (Emphasis in original.) Id., 190. "[S]ending nonsales representatives to provide customers technical assistance in the use of . . . products. . ." falls outside of the definition of "solicitation". Id., 186 n. 2.
The court determined that conducting some de minimis non-solicitation activities within a state does not subject a party to state taxation. Id., 191. "[W]hether in-state activity other than `solicitation of orders' is sufficiently de minimis to avoid loss of the tax immunity conferred by 381 depends upon whether that activity establishes a nontrivial additional connection with the taxing State." Id., 191. See also Indiana Dept. of Revenue v. Kimberly Clark Corp.,275 Ind. 378, 416 N.E.2d 1264, 1268 (1981) (No one or two corporate activities performed in a casual or infrequent manner should operate to remove the exemption provided by [15 U.S.C. § 381].") In Wrigley, the court determined that respondent Wrigley's non-solicitation activities within Wisconsin (replacing spoiled products held by retailers, storing products within the state, and supplying small CT Page 11463 quantities of products to retailers along with display racks,) considered together, were not de minimis. Wisconsin Dept. of Revenue v. Wrigley, supra, 192-93.
In the present case, plaintiff had registered with the Secretary of State to transact business in Connecticut. Additionally, plaintiff's credit manager was in the practice of making annual visits to Connecticut dealers. In light of the United States Supreme Court's determination that activities such as giving technical assistance to customers regarding the use of products or providing repair and servicing do not fall within the statutory term "solicitation of orders", the credit manager's visits are also not within the meaning of "solicitation of orders". Neither the credit manager's visits nor the act of registering with the Secretary of State are "entirely ancillary to requests for purchases" or "serve no independent business function apart from their connection to the soliciting of orders". Hence, the plaintiff's activities fall outside of the definition of "solicitation of orders".
Accordingly, the issue of whether the plaintiffs' activities in Connecticut are de minimis is an issue of first impression.
The court determines the plaintiff's activities considered together, were not de minimis or trivial connections with Connecticut. No case law has been found which applies the de minimis standard of Wrigley, and the facts of Wrigley are not analogous to those of the present case.
Philip R. Dunn, J.